UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZACHARY BISHOP, on behalf of himself and all
other persons similarly situated,

                              Plaintiff,

    -against-

N.H. ROSS, INC. and NEAL ROSS,

                              Defendants.
-------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

*Jury Trial Demanded*

Plaintiff, Zachary Bishop ("Plaintiff"), by and through his counsel, the Romero Law Group PLLC, as and for his Complaint against N.H. Ross Inc. ("NH") and Neal Ross ("Ross," together with NH as "Defendants"), alleges and complains as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants to redress discrimination in employment because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (collectively as the "ADA") and New York State Human Rights Law, N.Y. Exec. Law § 290, *et. seq.* ("NYSHRL"), as well as for failure to timely pay wages to Plaintiff as a manual worker in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and New York Labor Law ("NYLL") §§ 191 and 198, and any other claim(s) that can be inferred from the facts herein.

2. Defendants discriminated against Plaintiff in the terms and conditions of his employment based on his disability by failing to provide him with a reasonable accommodation, and instead, terminating his employment because of his disability and/or perceived disability. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and costs and other appropriate relief pursuant to the ADA and NYSHRL.

1

3. Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

4. Plaintiff also brings this action on behalf of himself and similarly situated current and former employees of Defendants who elect to opt-into this action ("FLSA Collective Plaintiffs") to recover liquidated damages for late-paid wages under the FLSA and NYLL.

5. Plaintiff alleges that Defendants failed to promptly pay Plaintiff's and the FLSA Collective Plaintiffs wages and instead paid their wages on a bi-weekly basis. Plaintiff and FLSA Collective Plaintiffs are "manual workers" who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages. Each time that Defendants failed to promptly pay Plaintiff and FLSA Collective Plaintiffs their wages, Defendants deprived them of the use of money to which they were legally entitled. As a result, they lost the time value of money.

6. Defendants' bi-weekly payment policy violated the FLSA's prompt payment requirement. There are many similarly situated current and former employees of Defendants who have been paid late in violation of the FLSA. Because putative plaintiffs are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join this action, Plaintiff seeks certification of this matter as a collective action and leave to notify the "FLSA Collective," as defined as follows:

> All individuals who work and/or have worked for Defendants in the State of New York as hourly paid plumbers and/or mechanics and/or in a similarly situated position at any time in the three years prior to the filing of this Complaint.

7. Defendants' bi-weekly payment policy violated NYLL § 191(1)(a), which requires that manual workers be paid their earned wages weekly and within seven days after the

end of the workweek in. Plaintiff brings this action on behalf of himself and FLSA Collective Plaintiffs to recover liquidated damages for late-paid wages pursuant to NYLL §§ 191 and 198.

8. Because the harm suffered by Plaintiff and his co-workers was widespread, Plaintiff brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendants who work and/or worked for Defendant in the State of New York as hourly paid plumbers and/or maintenance workers and/or in a similarly situated position at any time during the six years prior to the filing of this Complaint until the date of judgment in this action.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28. US.C. § 1367.

10. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

11. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because the unlawful practices complained of herein occurred within the Eastern District of New York and because Defendants reside within the Eastern District of New York.

12. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging, *inter alia*, discrimination and failure to accommodate in violation of the ADA under Charge Number: 520-2023-05708. Plaintiff commenced this action within ninety days of the EEOC issuing the Notice of Right to Sue.

## THE PARTIES

13. Plaintiff is an adult male and a "qualified individual with a disability" within the

3

meaning of the ADA, and has a disability within the meaning of the NYSHRL. Plaintiff suffers from chronic Ulcerative Colitis, a condition that complicates and negatively impacts the function of the digestive tract.

14. Plaintiff was an employee within the meaning of the ADA, NYSHRL, FLSA and NYLL, and a "manual worker" within the meaning of NYLL § 190(4).

15. Plaintiff is a resident of the County of Hernando, State of Florida.

16. At all times relevant, Defendant N.H., was and is a domestic business corporation incorporated and headquartered in New York with 15 or more employees, with its principal place of business located at 120 Middle Country Road, Middle Island, New York 11963.

17. At all times relevant, Defendant N.H. was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

18. At all times relevant, Defendant N.H. employed employees who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

19. Defendant N.H.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

20. At all times relevant, Defendant Ross, was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and delegation of assignments, discipline of Plaintiff, had the power to hire and fire employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

21. At all times relevant, Defendant Ross is and was a resident of New York State.

## FACTUAL ALLEGATIONS

22. Defendants operate a plumbing and HVAC installation, repair, and maintenance company.

**Plaintiff's Disability Discrimination Claims**

23. Plaintiff was employed by Defendants as a plumber from in or about June 2020 until March 3, 2023.

24. Plaintiff's job duties included repairing and maintaining customer plumbing systems across Long Island. Plaintiff performed his duties in an exemplary manner, was qualified for the job, and did not receive any criticism about his job performance.

25. In or about 2019, Plaintiff was diagnosed with Ulcerative Colitis ("UC"), an inflammatory bowel disease. UC severely impairs Plaintiff's major life activities including eating and major bodily functions such as digestion and bowel functions, and therefore, constitutes a disability under the ADA and NYSHRL.

26. During Plaintiff's employment, he informed Defendants, including Defendant Ross specifically, of his UC, and that, from time to time, he needed reasonable accommodation in the form of occasional leave and time off for doctor's visits.

27. Indeed, on November 9, 2021, Plaintiff took medical leave to undergo a procedure related to his UC due to a flare up of his condition.

28. On or about November 29, 2021, Plaintiff provided a doctor's note to Defendants indicating that he was able to return to work for up to forty hours per week. However, Defendants informed Plaintiff that he was not permitted to return until he received medical documentation indicating he was in *full remission* of his UC and, therefore, required that he be fully recovered.

5

29. Despite multiple requests, Defendants did not allow Plaintiff to return to work until June 19, 2022, when he received a note that he was in full remission from his UC.

30. Moreover, Defendants forced Plaintiff to start over as a new hire, thereby denying Plaintiff all of his seniority and accrued PTO and sick time, as well as other benefits he was entitled to at that time.

31. Thus, Defendants discriminated against Plaintiff on the basis of his disability and/or perceived disability by forcing him to take an unpaid leave of absence, and are liable for Plaintiff's lost income during that period.

32. Thereafter, Plaintiff continued working for the Defendants without incident, until February 27, 2023, when Plaintiff suffered another flare up of his UC. Plaintiff spoke with his service manager, John (last name unknown), and informed John that he needed the next two days off due to complications related to his UC.

33. John replied to Plaintiff that his requested accommodation was okay and to "keep [him] posted."

34. However, on February 28, 2023, the very next day, Defendants removed the company truck from Plaintiff's possession, and returned it to their facility in Middle Island.

35. That same day, Plaintiff's co-workers told him that they were informed by Defendants General Manager, Dawn (last name unknown), that he had been terminated.

36. On March 1, 2023, Plaintiff spoke with Defendant Ross, and asked, "do I still have a job?" and Defendant Ross replied, "let's find out when you're ready to work." Plaintiff informed Defendant Ross that he was able to return the next day, but Defendant refused to confirm if there would be work for him.

37. On March 2, 2023, Plaintiff went to Defendant's Middle Island facility to return

to work, and was told there was no work for him, and he was subsequently sent home. Fearing another unlawful seven-month period of unpaid forced leave, Plaintiff sent Defendants a text message indicating that he needed to be out of work until March 22, 2023 due to his disability, and specifically stated that he was not quitting. Plaintiff received no response to this message.

38. On March 3, 2023, Defendants terminated Plaintiff due to his requested accommodation for his disability, when they sent an employee to recover the keys to his work truck, as well as his work phone and work tablet, thus preventing Plaintiff from returning to work.

**Plaintiff's FLSA & NYLL Claims**

39. Defendants employed Plaintiff as a plumber. In his position, his job duties included performing repair and maintenance of customer plumbing systems across Long Island, which required using tools, lifting, carrying and moving heavy objects, bending, crawling, reaching, and standing for long periods of time. At all times, more than 25% of Plaintiff's hours worked were spent performing physical duties and, therefore, manual work.

40. Defendants have employed individuals similarly situated to Plaintiff who have worked as plumbers and maintenance workers and who have spent more over 25% of their working time performing physical tasks such as: using tools, lifting, carrying, pushing, pulling, bending, reaching, walking and remaining on their feet for long periods to complete their duties.

41. Throughout his employment, Defendants regularly required Plaintiff to work, and he did work, five days per week, Monday through Friday, from 8:00 a.m. until 5:00 p.m. each day, for a total of forty-five hours per week.

42. Throughout his employment, Plaintiff was paid an hourly rate of $36.00 per hour.

43. Plaintiff is a manual worker who depends upon his wages for sustenance and suffers harm that is particularly acute when his wages are delayed, and he is temporarily deprived

7

of his earned wages.

44. Defendants failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendants paid Plaintiff on a bi-weekly basis pursuant to their payroll policy in violation of the FLSA and NYLL § 191.

45. Every time Defendants failed to pay Plaintiff his wages earned weekly and within seven days of the end of the workweek, Defendants deprived him of the use of money to which he was legally entitled.

46. As a result of Defendants' failure to timely pay his wages earned weekly and within seven days of the end of each of his workweeks and retaining money that belonged to him, Plaintiff lost the time value of money.

47. Each time that Defendants failed to pay Plaintiff his wages earned weekly and within seven days of the end of the workweek, Defendants underpaid him for the work that he performed.

48. Defendants treated and paid Plaintiff, the New York Class, and the putative FLSA collective action members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff seeks to proceed as a collective action with regards to the Fifth Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the FLSA Collective Plaintiffs.

50. Plaintiff is acting on behalf of Defendants' current and former employees' interests as well as their own interests in bringing this action.

51. The FLSA Collective is readily identifiable and locatable through Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

52. Unless the Court promptly issues such a notice, the FLSA Collective Plaintiffs, who have been unlawfully denied prompt payment of their wages in violation of the FLSA, will be unable to secure compensation to which they are entitled.

53. Plaintiff and FLSA Collective Plaintiffs were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to promptly pay wages.

54. Plaintiff and FLSA Collective Plaintiffs had similar job duties and frequency of pay. Plaintiff and Collective Plaintiffs spent more than 25% of their hours worked performing physical labor such as lifting, carrying and moving heavy objects, bending, crawling, reaching, and standing for long periods of time.

55. Plaintiff and FLSA Collective Plaintiffs were paid bi-weekly.

56. Defendants applied the bi-weekly payment policy to Plaintiff and Collective Plaintiffs uniformly.

57. Plaintiff and FLSA Collective Plaintiffs were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

58. Plaintiff and FLSA Collective Plaintiffs were uniformly deprived of the ability to use their earned wages - money to which they were legally entitled - during periods in which the payment of their wages was illegally delayed.

59. Plaintiff and FLSA Collective Plaintiffs lost the time value of their earned wages..

## **NEW YORK CLASS ACTION ALLEGATIONS**

60. Plaintiff brings the Sixth Claim under Rule 23 of the Federal Rules of Civil

Procedure, on behalf of himself and a class of persons consisting of: all persons who work or have worked as hourly-paid plumbers, maintenance workers, and other similarly-situated employees for Defendants in the State of New York at any time during the six (6) years prior to the filing of the Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

61. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. Upon information and belief, there are more than forty Class Members who have worked for Defendants in hourly-paid positions in the State of New York at any time during the six (6) years prior to the filing of this Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

62. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty individuals who are currently, or have been, employed by Defendants in hourly-paid positions as plumbers, maintenance workers, or other similarly-situated positions in the State of New York at any time during the six (6) years prior to the filing of this Complaint.

63. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether

Defendants failed and/or refused to pay the Plaintiff and Class Members on a bi-weekly basis in violation of New York Labor Law § 191, the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

64. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay Plaintiff and the Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

65. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Additionally, Defendants' violations of the New York Labor Law, including NYLL § 191 by failing to timely pay wages earned, caused Plaintiff and other Class Members to suffer the same or similar harms. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

66. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

67. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

68. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendants. Moreover, the issues in this action can be decided by means of common, class-wide proof.

69. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

70. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

71. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION IN VIOLATION OF THE ADA**

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth

above with the same force and effect as if fully set forth herein.

73. Defendants discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability and/or perceived disability by terminating his employment because of his disability and/or perceived disability in violation of the ADA.

74. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

75. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

76. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

**SECOND CLAIM FOR RELIEF**
**DISCRIMINATION IN VIOLATION OF THE NYSHRL**

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

78. Defendants discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability and/or perceived disability by terminating his employment because of his disability and/or perceived disability in violation of the NYSHRL.

79. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

80. As a proximate result of the discrimination described herein, Plaintiff has suffered

13

and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

81. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

## THIRD CLAIM FOR RELIEF
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

83. Defendants were aware of Plaintiff's disability.

84. Based on the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability by failing to reasonably accommodate his disability, which would have allowed the Plaintiff to perform the essential functions of his job, despite Defendants' knowledge of Plaintiff's disability, in violation of the ADA.

85. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

86. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

87. As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

88. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or

reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE NYSHRL

89. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

90. Defendants were aware of Plaintiff's disability and need for reasonable accommodation.

91. Defendants refused and/or failed to make reasonable accommodation for Plaintiff's disability.

92. Based on the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability and/or perceived disability, in violation of the NYSHRL.

93. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to his professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, costs and interest as permitted by law.

94. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF
## FLSA FAILURE TO PAY TIMELY WAGES
## On Behalf of Plaintiff and the FLSA Collective

95. Plaintiff and the FLSA Collective members alleges and incorporates by reference all allegations in all preceding paragraphs.

15

96. Plaintiff and members of the FLSA Collective are current and former employees entitled to on-time payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

97. Defendants, however, withheld Plaintiff's and the FLSA Collective's federally mandated wages for about 11 days after the conclusion of the workweek.

98. This delay was pursuant to a companywide policy and practice to pay Defendants' employees on a biweekly basis.

99. Such a delay is inherently unreasonable, as Defendants were required by New York law to pay Plaintiff and the FLSA Collective within seven days after the end of the workweek.

100. Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

101. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

102. As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Collective incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**<u>FREQUENCY OF PAYMENT IN VIOLATION OF THE NYLL</u>**
**<u>On Behalf of Plaintiff, the FLSA Collective, and the Rule 23 Class</u>**

103. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

104. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this

action is a manual worker as defined by the NYLL.

105. Defendants were required to pay the Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

106. Defendants failed to pay Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action on a weekly basis and instead paid them bi-weekly or semi-monthly in violation of the New York Labor Law § 191.

107. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action is entitled to damages equal to the total of the delayed wages and reasonable attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

108. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

109. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Certification of a collective action pursuant to 29 U.S.C. 216(b);

(ii) An order authorizing the dissemination of notice of the pendency of this action;

(iii) Certification of the Class Action pursuant to F.R.C.P. 23;

(iv) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v) An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

(vi) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under ADA, NYSHRL, FLSA and NYLL;

(vii) Awarding damages for, *inter alia*, compensatory damages for back pay, front pay, all benefits to which Plaintiff would have been entitled to receive but for Defendants' unlawful conduct, damages for emotional distress, pain and suffering, and other incidental and consequential damages;

(viii) Punitive damages as permitted by law;

(ix) Awarding liquidated damages for Defendants' frequency of payment violations in accordance with the FLSA and NYLL;

(x) Pre- and post-judgment interest as permitted by law;

(xi) All attorneys' fees incurred in prosecuting these claims;

(xii) All costs incurred in prosecuting these claims; and

(xiii) Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
June 17, 2024

                        ROMERO LAW GROUP PLLC

                        */s Matthew J. Farnworth*

By: _____
MATTHEW J. FARNWORTH, ESQ.
490 Wheeler Road, Suite 277
Hauppauge, NY 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com
*Attorneys for Plaintiff*